UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY TYRONE BROWN,

        Petitioner,

v.

        CASE NO. 2:21-CV-12058
        HONORABLE VICTORIA A. ROBERTS

JAMES CORRIGAN, ACTING WARDEN,[1]

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION (ECF NO. 1); DENYING PETITIONER'S MOTIONS TO APPOINT COUNSEL (ECF NOS. 8, 11) , FOR RELEASE (ECF NO. 9) AND FOR DISCOVERY (ECF NO 14); AND DENYING CERTIFICATE OF APPEALABILITY

On August 26, 2021, Petitioner Anthony Tyrone Brown, a prisoner currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury in the Wayne County Circuit Court of two counts of first-degree criminal sexual conduct (CSC-I), Mich. Comp. Laws § 750. 520b(1)(b); and one count of third-degree criminal sexual conduct (CSC-III), Mich. Comp. Laws § 750. 520d. Petitioner was sentenced to concurrent terms of incarceration of 18 to 40 years for the CSC-I convictions, and to 12 and one-half years to 22 and one-half years for the CSC-III conviction.

---

[1] The caption is amended to reflect the proper respondent, Petitioner's current custodian, which in this case is the Wayne County Sheriff. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rules Governing § 2254 Case, Rule 2(a), 28 U.S.C. foll. § 2254.

Petitioner argues the trial court violated his right to the counsel of his choice when it denied his retained attorney's motion to withdraw. He also argues the trial court judge should have recused himself because just prior to his appointment to the bench, the judge worked for the Michigan Attorney General's office, the agency that prosecuted Petitioner's case in the circuit court. Neither of Petitioner's claims have merit, and the petition will be denied. All motions will be denied as moot. An explanation follows.

I.   **Background**

The Michigan Court of Appeals summarized the facts underlying Petitioner's case as follows:

> Defendant was convicted of sexually abusing his stepdaughter. According to the victim, the abuse occurred at the family home in Detroit on numerous occasions from 2003 to 2008, when she was a teenager. The victim lived in the home with defendant, her mother, and several siblings. The victim did not disclose the abuse to her mother while she was living in the home. In 2013, the victim, who was then living independently of defendant and her mother, decided to report the sexual assaults to the police.

*People v. Brown*, No. 337223, 2018 WL 4573233, at *1 (Mich. Ct. App. Sept. 13, 2018).

Following his jury trial conviction, Petitioner filed a direct appeal, raising through appointed appellate counsel issues of judicial disqualification, denial of his right to substitute counsel, and two evidentiary errors. Mich. Ct. App. Rec., ECF No. 13-16, PageID.1340. In addition, Petitioner filed a "Standard 4" *pro se* brief,[2] in which he challenged the venue of his prosecution, and argued he had received ineffective

---

[2]   Standard 4 of the Michigan Assigned Counsel rules permits criminal defendants to file a *pro se* brief within 84 days of the filing of their brief on appeal. *See* Mich. Ct. App. IOP 7.212(F)-3 (stating that the administrative order permits "indigent defendants represented by appointed counsel [to] raise issues in [the Michigan appellate courts] that their attorneys decline to raise"). The rules were promulgated by the Michigan Supreme Court in 2004. *See* Admin. Order 2004-6, 471 Mich. cii (2004).

assistance of counsel and been denied his right to confront witnesses against him. *Id.* at PageID.1364. The court of appeals denied relief on all issues and affirmed Petitioner's convictions. *Brown*, 2018 WL 4573233, at *9. The Michigan Supreme Court denied leave to appeal the court of appeals' decision, *People v. Brown*, 503 Mich. 1020 (2019); as well as a motion for reconsideration, *People v. Brown*, 504 Mich. 950 (2019). The United States Supreme Court denied a petition for certiorari. *Brown v. Michigan*, 140 S. Ct. 840, *reh'g denied*, 140 S. Ct. 2558 (2020).

Petitioner also filed a motion for relief from judgment in the state trial court pursuant to Mich. Ct. Rule 6.501, *et seq*. In his motion, he argued the trial judge should have recused himself, due to personal bias and his recent employment by the Attorney General's office; that his trial counsel was ineffective for failing to call Petitioner's fourteen witnesses and failing to impeach the complaining witness; that the trial court abused its discretion in the introduction of testimony under Mich. Comp. Law § 768.27a; as well as prosecutorial misconduct and ineffective assistance of appellate counsel. *See* Mot., ECF No. 13-13, PageID.1120-21.

The trial court denied relief. *See* Order, 11/20/20, ECF No. 13-15. Petitioner subsequently filed two applications for leave to appeal along with various motions in the Michigan Court of Appeals, all of which were denied. *See People v. Brown*, No. 355810; *People v. Brown*, No. 356177 (Mich. Ct. App. Apr. 28, 2021). On May 14, 2021, Petitioner filed an application for a writ of habeas corpus in this Court. *See* Case No. 21-11330. That petition was denied without prejudice because state collateral review proceedings had not yet been completed. *See Brown v. Braman*, No. 2:21-CV-11330,

3

2021 WL 2646105, at *3 (E.D. Mich. June 28, 2021), *appeal dismissed*, No. 21-2915, 2021 WL 6102090 (6th Cir. Sept. 28, 2021).

In July 2021, Petitioner's applications to the Michigan Supreme Court for leave to appeal the Michigan Court of Appeals' decisions were rejected as late applications. *See* Dkt. Nos. 24, 29, Case No. 355810; Dkt. No. 26, Case No. 356177. This timely habeas petition followed, in which Petitioner raises the following claims:

> I. Failure to allow substitution of counsel; when retained: The Sixth Amendment of the Constitution provides: A criminal defendant the right to counsel of choice when retained, the trial court egregiously violated that provision by failing to inquire properly into the attorney-client relationship conflict, where he stop[ped] the defendant from stating his reasons for wanting a new attorney and by his imposing and displaying his own personal views into the motion to withdraw proceeding, thus: violating the petitioner's Fourteenth Amendment due process rights to a fair trial.
>
> II. The petitioner's due process right to a fair trial provided by the Fourteenth Amendment was egregiously violated when the trial court failed to avoid bias and the appearance of impropriety when he refuse[d] to recuse himself from the petitioner's case; due to his very recent appointment to the bench, where he worked in the same prosecution office that was prosecuting the petitioner's case, and by his imposing and displaying his own personal views into the motion to withdraw as counsel, and stopping the petitioner from stating his reasons for wanting a new attorney. Thus, violating the petitioner's Fourteenth Amendment due process right to a fair trial.

## II.   Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "circumscribe[s]" the standard of review that federal courts apply when considering an application for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Under AEDPA, a federal court may not grant habeas relief to a state prisoner with respect to any claim that has been "adjudicated on the merits in State court proceedings" unless the state-court adjudication

4

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted). In addition, factual determinations by state courts are presumed correct

absent clear and convincing evidence to the contrary. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The federal habeas court's review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Discussion

#### A. Right to retained counsel of one's choice

Petitioner first argues his constitutional right to the counsel of his choice was violated when the trial court denied Petitioner's retained attorney's motion to withdraw less than a week before trial. The state court of appeals found that

> defendant never indicated whether it was his desire to retain new counsel or seek appointed counsel. Defendant did not identify a bona fide dispute with his attorney. He merely stated that there had been "just a breakdown in communication, that's all it was." The trial court reasonably believed that defendant was attempting to delay trial, given that he was attempting to replace his fourth attorney and his effort to obtain new representation within a week before trial "ha[d] been a pattern ... in this case." Defendant also has not demonstrated prejudice resulting from the trial court's denial of counsel's motion to withdraw. Counsel had been retained for two months, and there is no indication that counsel was unprepared for trial. Moreover, the court questioned defendant regarding his perception and understanding of counsel's competence to handle the case. Defendant agreed that counsel was "a very experienced attorney," with experience in criminal sexual conduct cases, and she was "a very effective advocate" and "a good lawyer."

*Brown*, 2018 WL 4573233, at *5. It held that Petitioner's constitutional right to counsel was not violated by the trial court's decision.

The Supreme Court has held that the Sixth Amendment right to counsel protects "the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988)). The Court further held that the erroneous deprivation of a criminal defendant's right to the counsel of their choice is a "structural error" not requiring demonstration of prejudice. *Id.* at 150. Deprivation of the

right to counsel is "'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants . . . ." *Id.* at 148.

However, the right to counsel of one's choice is not absolute; among other limitations, it does not apply to defendants who qualify for appointed counsel. *Id.* at 152-53. In addition, courts enjoy "wide latitude in balancing the right to counsel of choice . . . against the demands of [their] calendar[s]." *Id.* at 152 (citing *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983)); *see also Abby v. Howe*, 742 F.3d 221, 227 (6th Cir. 2014) ("Even after *Gonzalez–Lopez*, the discretion that trial courts hold over their calendars remains vast.")

The Sixth Circuit applies a four-part test to determine whether a state trial court's denial of a habeas petitioner's motion to substitute counsel was an unreasonable application of clearly established federal law. *Cobb v. Warden, Chillicothe Corr. Inst.*, 466 F. App'x 456, 460 (6th Cir. 2012). The factors to be considered are

> (1) the timeliness of the motion, (2) the adequacy of the court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and (4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice.

*Henness v. Bagley*, 644 F.3d 308, 321 (6th Cir. 2011) (citing *United States v. Vasquez*, 560 F.3d 461, 466 (6th Cir. 2009)). Addressing a similar inquiry, the Supreme Court added to the third factor, "the client's own responsibility, if any, for" the conflict or breakdown in communication. *Martel v. Clair*, 565 U.S. 648, 663 (2012) (citations omitted). In addition, "[b]ecause a trial court's decision on substitution is so fact-specific, it deserves deference[.]" *Id.* at 663-64. Applying that deference as well as that of AEDPA, Petitioner is not entitled to habeas relief.

7

In the instant case, first, the timeliness factor weighs against Petitioner. When a petitioner's request requires a last-minute continuance, "the trial judge's actions are entitled to extraordinary deference." *Vasquez*, 560 F.3d at 467 (citing *United States v. Whitfield*, 259 F. App'x 830, 834 (6th Cir.2008)). The court in *Vasquez* held the timeliness factor against the petitioner after his requests for substitution of counsel were made one week before the original trial date, and two weeks before the rescheduled trial was to begin. *Id.* Similar to *Vasquez*, here the motion to withdraw was brought six days before trial was to begin, which would have required a continuance to permit a new attorney to prepare for trial. Counsel's motion was brought after Petitioner informed her two days earlier "he wishe[d] to pursue other representation . . ."  Pretrial. Hrg. Tr., 1/18/17, ECF No. 13-7, PageID.581.

The second factor weighs in Petitioner' favor. The trial court's inquiry was fairly brief, and Petitioner is correct that the trial court interrupted him after it requested he respond to his attorney's motion to withdraw.[3]

Applying the third factor, as informed by *Martel*, the communication breakdown between Petitioner and his attorney may have been significant, but it was largely the result of Petitioner's own behavior. Again, Petitioner told the attorney just a week before trial he wanted to be represented by a different attorney; Petitioner ignored the attorney's advice not to make phone calls form the jail, causing her significant extra work; and it appears Petitioner's difficulty with counsel arose out of his attitude toward

---

[3] The trial court has explained it interrupted Petitioner because it did not want him to reveal any attorney-client privileged or confidential information. Order, 9/2/20, ECF No. 13-14, PageID.1234.

female attorneys. Pretrial. Hrg. Tr., 1/18/17, ECF No. 13-7, PageID.581-82. This factor weighs against Petitioner.

So does the interest in "the prompt and efficient administration of justice." Petitioner had already enjoyed the services of two appointed attorneys and two retained attorneys. Even if he was not seeking appointment of yet another lawyer, delaying trial so a new attorney could come up to speed disrupts the court's calendar, judicial efficiency, and the administration of justice.

On this record, and pursuant to the appropriate deference, the state courts were not unreasonable to reject Petitioner's "counsel of one's choice" issue. Nor was the decision contrary to clearly established law. Petitioner is not entitled to habeas relief on this issue.

## B. Trial court judge conflict and bias

Petitioner's second claim of error is that his right to a fair trial was violated when the trial court judge did not recuse himself. The judge was a recent appointment to the bench, and immediately before his appointment, he was employed by the state attorney general's office in its criminal division, the same agency that was prosecuting Petitioner's criminal case.

The Michigan Court of Appeals rejected this claim. *Brown*, 2018 WL 4573233, at *2. It reasoned as follows:

> Judge Cusick and the prosecutor both stated on the record that Judge Cusick had no involvement in defendant's case during his term as a prosecutor with the Attorney General's office, nor did he ever discuss the case with the prosecutor. Because Judge Cusick had no personal or professional connection with defendant, or stake in the outcome of defendant's trial, defendant has failed to establish any objective or reasonable basis for perceiving that Judge Cusick's prior association with the Attorney General's office would impair his ability to carry out his judicial responsibilities with integrity, impartiality, and competence.

9

*Id.* The state court decision was neither unreasonable nor contrary to clearly established law.

"Due process guarantees 'an absence of actual bias' on the part of a judge." *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016) (citing *In re Murchison*, 349 U.S. 133, 136 (1955)).; *see also Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997) ("[T]he Due Process Clause clearly requires a 'fair trial in a fair tribunal,' before a judge with no actual bias against the defendant or interest in the outcome of his particular case." (citations omitted). *Id*. "Judicial bias is a deep-seated favoritism or antagonism that makes fair judgment impossible." *Coley v. Bagley*, 706 F.3d 741, 750 (6th Cir. 2013) (citing *Mayberry v. Pennsylvania*, 400 U.S. 455, 465–66 (1971)). "A biased decision-maker is constitutionally unacceptable." *Id.* (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)).

As a preliminary matter, it is important to distinguish between the requirements of due process, on the one hand, and the requirements of the Michigan Court Rules or the Michigan Code of Judicial Conduct, on the other. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). Petitioner's motions in the state courts relied on Michigan Court Rule 2.003, which governs judicial disqualifications. In rejecting Petitioner's claim, the state court of appeals' decision relied on that rule and Michigan precedents interpreting it. *See Brown*, 2018 WL 4573233, at *2 (citing MCR 2.003(C)(1)(b); *Kern v. Kern-Koskela*, 320 Mich. App. 212, 232 (2017)).

The decision of the state courts on a state-law issue is binding on a federal court. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state

10

court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") Thus, the state appellate court's application of its court rule and its code of judicial conduct to the question of trial court disqualification binds this Court, except to the extent the question implicates due process.

But Petitioner's due process rights were not violated by the state courts' decisions. "To the extent defendant is claiming a denial of due process, the Supreme Court has recognized that ''most matters relating to judicial disqualification [do] not rise to a constitutional level.''" *United States v. Prince*, 618 F.3d 551, 561 (6th Cir. 2010) (quoting *Caperton v. A.T. Massey Coal Co.*, ⸺ U.S. ⸺, 129 S. Ct. 2252, 2259 (2009)) (internal quotation marks omitted). That is, is "matters of kinship, personal bias, state policy, remoteness of interest, would seem generally to be matters merely of legislative discretion." *Caperton*, 556 U.S. at 876 (quoting *Tumey v. Ohio*, 273 U.S. 510, 523 (1927)).

Due process does require recusal when a judge has "'a direct, personal, substantial, pecuniary interest in a case.'" *Id*. (citation omitted). Recusal or disqualification is also required when, "as an objective matter, . . . 'the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable.'" *Id.* (citing *Withrow*, 421 U.S. at 47). One example of the latter category is where a judge "has been the target of personal abuse or criticism from the party before him." *Withrow*, 421 U.S. at 47 (footnote and citations omitted).

11

The Supreme Court recently addressed another scenario which might implicate due process: a judge's prior service as a prosecutor. *Williams*, 579 U.S. 1. The Court found "an impermissible risk of actual bias [occurred] when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case." *Williams*, 579 U.S. at 8. In *Williams*, a Pennsylvania Supreme Court justice, in his prior role as district attorney, was "significant[ly], personal[ly]" involved in the original decision to seek the death penalty in a defendant's case. *Id.* at 11. Because of that direct involvement, the justice's participation in the adjudication of the defendant's habeas challenge to his death sentence violated due process. *Id.* at 14.

Petitioner argues that bias arose from the trial court judge's recent employment with the same agency who was responsible for prosecuting him, and that the judge's actions displayed a bias against him. However, the judge's former position in the Attorney General's office did not violate Petitioner's due process rights. Unlike the circumstances in *Williams*, the judge had *no* connection to Petitioner's prosecution, a fact which Petitioner does not dispute, much less a "significant, personal" one.

Beyond the question of the judge's prior employer, Petitioner also bases his charge of judicial bias on the judge "imposing and displaying his own personal views" and preventing Petitioner from speaking during the hearing on substitution of counsel, overruling all but one of the defense's objections during trial, and denying Petitioner release on his own recognizance over the recommendation of pretrial services. ECF No. 1, PageID.41, 43, 44. But "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

And adverse rulings themselves are not sufficient to establish bias or prejudice. *See Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *United States v. Hynes*, 467 F.3d 951, 960 (6th Cir. 2006) (same). A constitutional violation occurs only when a judge's rulings or statements show "a predisposition so extreme as to display clear inability to render fair judgment." *Johnson v. Bagley*, 544 F.3d 592, 597 (6th Cir. 2008). Courts apply a "fundamental presumption" of judicial impartiality. *Cameron v. Rewerts*, 841 F. App'x 864, 866 (6th Cir. 2021) (citations omitted). In reviewing a judicial bias claim, a federal habeas court should presume that the trial judge properly discharged his or her official duties. *Johnson v. Warren*, 344 F.Supp.2d 1081, 1093 (E.D. Mich. 2004).

"[A] habeas petitioner 'has the burden of establishing his right to federal habeas relief and of proving all facts necessary to show a constitutional violation.'" *Torres v. MacLaren*, 798 F. App'x 916, 920 (6th Cir. 2020) (quoting *Black v. Carpenter*, 866 F.3d 734, 744 (6th Cir. 2017)). Petitioner has not overcome the presumptions of judicial impartiality and the judge's proper discharge of his duties, and has thus failed to demonstrate he was denied a fair trial because of any conflict or bias on the trial court's part. Petitioner is not entitled to habeas relief on this issue.

## IV.   Certificate of Appealability

Under Federal Rule of Appellate Procedure 22, before Petitioner may appeal the Court's decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253. The requirement to obtain a COA applies to prisoners seeking pretrial relief as well as state prisoners who are in custody following a conviction in state court. *Winburn*, 956 F.3d at 912.

A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a habeas corpus petition is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because the Court concludes that reasonable jurists would not debate its determination that Petitioner is not entitled to relief, a certificate of appealability will be denied.

## V.     Conclusion

For the reasons stated above, the Court finds that Petitioner is not entitled to habeas relief. Accordingly, the petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

Petitioner's motions to appoint counsel (ECF Nos. 8, 11), for release (ECF No. 9) and for discovery (ECF No 14); are DENIED as MOOT.

A certificate of appealability is DENIED.

Finally, if Petitioner chooses to appeal the Court's decision, he may not proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Date: 9/14/2022

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE