UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY TYRONE BROWN,

            Petitioner,

                                         CASE NO. 2:21-CV-12058
v.                                      HONORABLE VICTORIA A. ROBERTS

JAMES CORRIGAN, WARDEN,

            Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTIONS FOR RELEASE (ECF NOS. 27, 29), RELIEF FROM JUDGMENT (ECF NO 28), APPOINTMENT OF COUNSEL (ECF NO. 30), AND APPLICATION TO PROCEED WITHOUT PREPAYING COSTS (ECF NO. 31); AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO FILE AN APPEAL *IN FORMA PAUPERIS***

In August 2021, Petitioner Anthony Tyrone Brown, a prisoner currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) This Court dismissed the petition for lack of merit and denied Petitioner a certificate of appealability. (ECF No. 19.) Petitioner appealed the decision to the Sixth Circuit Court of Appeals, but the circuit court denied Petitioner a certificate of appealability and denied his petition for rehearing. (ECF Nos. 24, 26.)

All the motions and the IFP application are denied. The Court also declines to grant a certificate of appealability or leave to appeal *in forma pauperis.*

**Background**

A Wayne County Circuit Court jury convicted Petitioner on two counts of first-degree criminal sexual conduct (CSC-I), Mich. Comp. Laws § 750. 520b(1)(b); and one count of third-degree criminal sexual conduct (CSC-III), Mich. Comp. Laws § 750. 520d,

for sexually abusing his stepdaughter while she was a teenager. *People v. Brown*, No. 337223, 2018 WL 4573233, at *1 (Mich. Ct. App. Sept. 13, 2018). Following exhaustion of his claims in the state courts, Petitioner filed a *pro se* petition for a writ of habeas corpus in this Court. (ECF No. 1.) He claimed the state trial court violated his Sixth Amendment right to counsel of his choice and that he was denied a fair trial because the trial court judge failed to recuse himself.  The Court denied the petition on September 14, 2022. (ECF No. 19.)

Petitioner filed a notice of appeal. The Sixth Circuit denied him the certificate of appealability required to appeal the dismissal of a habeas petition. (ECF No. 24.) On March 21, 2023, that court also denied Petitioner's request for a rehearing of its order. (ECF No. 26.)

Now before this Court are five pleadings Petitioner filed since the Sixth Circuit entered its orders. These include two motions for release pending trial or appeal (ECF Nos. 27, 29), a motion for relief from judgment (ECF No. 28), a motion for appointment of counsel (ECF No. 30), and an application for leave to appeal without prepaying fees and costs in this Court. (ECF No. 31.)

Petitioner's motion for relief from judgment charges fraud on the court, starting with an allegation of altered transcripts from his state court criminal proceedings. (ECF No. 28, PageID.2409.) He also attacks the motives of two stepdaughters (including the victim) who testified against him, and describes "50+ false, perjur[ed,] and inconsistent" statements by police, an investigator for the state attorney general's office, and the victim. (*Id.* at PageID.2410.)

2

An affidavit attached to one of Petitioner's motions for release asks the state attorney general to review audio and video recordings of a January 18, 2017, hearing on trial counsel's motion to withdraw. (ECF No. 27, PageID.2376.) Petitioner asserts the transcript of the hearing was altered and that the true record demonstrates his right to counsel was violated. (*Id.* at 2377.) Other exhibits include handwritten excerpts from the victim's trial testimony, extensively annotated with Petitioner's explanation how the statements are false and how they prove his attorney did not act in his best interests. (*Id.* at PageID.2380-91.) Petitioner also challenges the motives of another stepdaughter who testified against him. (*Id.* at PageID.2397-98.) Finally, he attaches photos and letters from his wife and other daughters, arguing they demonstrate his innocence. (*Id.* at PageID.2399-2406.)

Petitioner notes that he "maintains his innocence and [has] been wrongfully convicted." (ECF No. 30, PageID.2417.) He asserts in his motions that he will continue to suffer irreparable harm because his "civil rights to liberty" have been "egregiously violated." (*See id.*; ECF No. 27, PageID.2376; ECF No. 28, PageID.2410.)

**Discussion**

Petitioner's case is closed and his appeal concluded in the Sixth Circuit. No further proceedings are pending in either court. When the issues presented in a case are "no longer 'live[,]'" the case is moot. *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *United States v. City of Detroit*, 401 F.3d 448, 450 (6th Cir.2005) (citation omitted). Because Petitioner's case is closed, his pending motions for

3

release and appointment of counsel and his application for leave to proceed *in forma pauperis* are moot and are denied.

Petitioner's remaining motion seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b)(3) and (d)(3), merits analysis beyond the question of mootness. Federal Rule of Civil Procedure "60(b) allows a party to seek relief from a final judgment, and request reopening, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Because Petitioner's motion does not meet the standards for Rule 60, however, it cannot provide a basis to reopen Petitioner's case to revive the issues that are "no longer live." *Ford*, 469 F.3d at 504.

The Sixth Circuit

define[s] fraud on the court as conduct: 1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court.

*Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009) (citing *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993)). A litigant claiming fraud on the court "has the burden of proving the existence of fraud on the court by clear and convincing evidence." *Id.* (citing *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

Petitioner has not met the criteria to demonstrate fraud on the court, much less by the clear and convincing standard. His most significant argument is that the victim and another of his stepdaughters lied in their testimony against him. However, the "alleged perjury of a witness" will not support an action for fraud on the court. *Rodriguez v. Honigman Miller Schwartz & Cohn LLP*, 465 F. App'x 504, 510 (6th Cir. 2012) (citing *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1118 (6th

4

Cir.1976)); *accord, Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 333 (6th Cir. 2006)). Perjury does not present a case of extrinsic fraud, and it does not prevent "the opposing party . . . from fully presenting his case . . ." *Buell v. Anderson*, 48 F. App'x 491, 498 (6th Cir. 2002) (citation omitted).

"'An officer of the court' must commit fraudulent conduct for a fraud-on-the-court claim to be legally cognizable." *Preferred Properties, Inc. v. Indian River Ests.*, Inc., 214 F. App'x 538, 540 (6th Cir. 2007) (citing *Demjanjuk*, 10 F.3d at 348). That is, "the individual accused of perpetrating the fraud must have directly interacted with the court to prevent an adversary from presenting his case fully and fairly." *Computer Leasco, Inc.*, 194 F. App'x at 338. Petitioner does not provide clear and convincing evidence that an "officer of the court" took a position that was intentionally false or willfully blind to the truth, or engaged in conduct that prevented him from fairly presenting his own defense.

Moreover, Rule 60(b)(3) requires the moving party to "'show that the adverse party committed a deliberate act that adversely impacted the fairness *of the relevant legal proceeding [in] question.*'" *Info-Hold,* 538 F.3d at 455 (emphasis added). The relevant legal proceeding is Petitioner's habeas case. The testimony and other evidence invoked by Petitioner pertain to his state court criminal trial and appellate proceedings, not to the habeas petition.

As to the final criterion, the Court has not been deceived by any of the false evidence Petitioner raises, in part because it has no bearing on the habeas action. Accordingly, none of Petitioner's evidence supports finding a fraud on *this* Court.

Rule 60(d)(3), on which Petitioner also relies, states that it "does not limit a court's power to . . . set aside a judgment for fraud on the court." The Sixth Circuit

applies the same test for "fraud on the court" for both Rule 60(d)(3) and (b)(3) motions. *See*, *e.g.*, *Daniels v. Jackson*, No. 20-2090, 2021 WL 1923060, at *2 (6th Cir. Mar. 9, 2021). As explained above, Petitioner has not met this standard.

Furthermore, relief under 60(d)(3) is only available "to prevent a grave miscarriage of justice." *Mitchell v. Rees*, 651 F.3d 593, 595 (6th Cir. 2011) (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). This "'stringent' and 'demanding' standard" requires a petitioner to "make a strong showing of actual innocence." *Id.* at 595–96 (citing *Calderon v. Thompson*, 523 U.S. 538, 557–58 (1998)) (other citations omitted).

In the habeas context, establishing actual innocence requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him . . ." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 623-24 (1998)). And "actual innocence means factual innocence, not mere legal insufficiency." *Id.* (citing *Bousley*, *supra*).

Petitioner does assert his innocence, but in a conclusory manner. He emphasizes the inconsistency and falsity of the victim's testimony as well as the unfair circumstances surrounding the denial of his choice of counsel. But Petitioner does not make a strong showing of innocence or establish that his circumstances rise to a miscarriage of justice.

In sum, Petitioner does not demonstrate his entitlement to relief from judgment pursuant to Rule 60(b)(3) or (d)(3). His case will not be reopened.

As a final note, Petitioner observes in his motion for relief from judgment that "since March 21, 2023, [he] has not been notified of any review, only a denial for a rehearing . . . on his COA." (ECF No. 28, PageID.2409-10.) In the absence of a petition for *certiorari* in the United States Supreme Court, which to the Court's knowledge Petitioner has not filed,[1] Petitioner should expect no further review of his habeas case. Because the Sixth Circuit Court of Appeals denied him a certificate of appealability, his case is closed.

### Certificate of Appealability and *In Forma Pauperis* status on appeal

Before a habeas petitioner may appeal the denial of a motion for relief from judgment, the petitioner must obtain a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(B); *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007) (requiring a certificate of appealability as a prerequisite for a habeas petitioner's appeal of the denial of a Rule 60(b) motion). To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). In the context of a Rule 60(b) motion, "a petitioner must demonstrate that jurists of reason would find it debatable whether the district court properly denied the Rule 60(b) motion, and whether the underlying habeas petition states a valid claim of the denial of a constitutional right." *Kelly v. Hoffner*, No. 16-1743, 2017 WL 6003435, at *1 (6th Cir. Mar. 6, 2017) (citing *Slack v. McDaniel*, 529 U.S. 473,

---

[1] A search of the United States Supreme Court docket reveals only a petition for *certiorari* filed in 2019 following Petitioner's direct appeal in the Michigan Court of Appeals. *See* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/19-6381.html.  *See also Brown v. Michigan*, 140 S. Ct. 840, *reh'g den.*, 140 S. Ct. 2558 (2020).

484 (2000)). The Court denies Petitioner a certificate of appealability because jurists of reason would not find the denial of the Rule 60(b) motion (or any of Petitioner's other motions) to be debatable.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Accordingly, the Court denies Petitioner leave to proceed *in forma pauperis* on appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

## Conclusion and Order

The Court **DENIES** Petitioner's motions for:

- Release pending trial (ECF No. 27),

- Relief from judgment (ECF No 28),

- Release pending appeal (ECF No. 29),

- Appointment of counsel (ECF No. 30), and his

- Application to proceed without prepaying costs on appeal (ECF No. 31).

The Court also DENIES a certificate of appealability and leave to file an appeal *in forma pauperis.*

This case remains CLOSED.

ORDERED.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
Date: 8/31/2023                    UNITED STATES DISTRICT JUDGE